FILED

2008 Sep-09  PM 05:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

08 SEP -8  PM 1: 01
CYNTHIA CLARK,
U.S. DISTRICT COURT
N.D. OF ALABAMA
                    Plaintiff,

v.

CAPITAL ONE BANK, a foreign company,
EXPERIAN INFORMATION SOLUTIONS, INC.,
a foreign corporation, and EQUIFAX
INFORMATION SERVICES, LLC, a foreign
limited liability company,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. _____

**JURY TRIAL DEMANDED**

CV-08-P-1645-S

## COMPLAINT

COMES NOW Plaintiff, by and through the undersigned attorney, and would show unto

this Court as follows:

### PRELIMINARY STATEMENT

1.  This petition is an action for statutory and actual damages, including injunctive and

    declaratory relief, brought by an individual consumer (hereinafter referred to as

    "Plaintiff") against Defendants, jointly and severally, for violations of both the Fair Debt

    Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "FDCPA"),

    and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as

    "FCRA").

2.  In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages

    under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code

    1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's

pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3.  Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15
    U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant
    to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and
    2202.

4.  Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Jefferson
    County, Alabama, and were committed within the Southern Division of the Northern
    District of Alabama.

## PARTIES

5.  Plaintiff is a natural person and is a resident and citizen of Jefferson County, the State of
    Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15
    U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

6.  Defendant CAPITAL ONE BANK (hereinafter referred to as "CAPITAL ONE") is a
    foreign company, a better denomination of which is unknown to Plaintiff at the present
    time, engaged in the business of furnishing consumers with credit in the State of
    Alabama.

7.  Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter referred to as
    "EXPERIAN") is a foreign corporation licensed to do business within the State of
    Alabama. EXPERIAN is a consumer reporting agency, as defined in section 1681a(f) of
    the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing
    information concerning consumers for the purpose of furnishing consumer reports, as

Page 2 of 13

defined in section 1681a(d) of the FCRA, to third parties.

8.   Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter referred to as "EQUIFAX") is a foreign corporation licensed to do business within the State of Alabama.  EQUIFAX is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

9.   Plaintiff restates and reiterates herein all previous paragraphs.

10.  Plaintiff filed bankruptcy and was discharged on February 3, 2006, with Defendant CAPITAL ONE receiving a copy of the discharge order.  The case number was 05-11649-TOM7.

11.  Despite its receipt of the aforementioned court order, Defendant CAPITAL ONE has continued to report Plaintiff's accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having a current balance due and payable rather than reflecting that the accounts were discharged in bankruptcy.  More specifically, Defendant shows balance of $161 and $612 on both EQUIFAX AND EXPERIAN.

12.  Defendant CAPITAL ONE has intentionally and maliciously failed and/or refused to notify the CRAs that these accounts should have a zero balance as a result of being discharged in bankruptcy.

13.  Defendant CAPITAL ONE has intentionally and maliciously failed and/or refused to

accurately report these account balances to the CRAs when it knew the debts were discharged in bankruptcy.

14. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by Defendant CAPITAL ONE's inaccurate reporting.

15. Defendant CAPITAL ONE has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the jury.

16. Defendant CAPITAL ONE knew and knows that a discharge order means Plaintiff no longer owes the debts and has no personal liability to Defendant, yet Defendant has made a corporate decision to willfully and maliciously act contrary to its knowledge in its calculated decision to violate the requirements to properly update Plaintiff's accounts.

17. Defendant CAPITAL ONE has a policy and procedure to refuse to properly update credit reports of consumers, such as Plaintiff's, who have discharged their debts. The reason is to keep false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

18. Defendant CAPITAL ONE updates numerous accounts each month with allegedly the correct information regarding the balance but has willfully and maliciously refused to do so with Plaintiff and other consumers who are similarly situated.

19. Defendant CAPITAL ONE has willfully and maliciously failed to report these accounts as having a "0" balance as required by 16 CFR § 607(6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy

Page 4 of 13

itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

20. Defendant CAPITAL ONE has promised, through its subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but it has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

21. Defendant CAPITAL ONE has a policy to "park" its accounts on at least one of the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

22. In the context of parking an account, Defendant CAPITAL ONE has an obligation and duty under federal and state law to accurately report the balance and it willfully and maliciously refuses to do so.

23. Defendant CAPITAL ONE knows that parking a balance will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. However, Defendant intentionally and maliciously intends to force Plaintiff, and others similarly situated, to pay on an account that has been discharged.

24. Plaintiff's credit reports have been accessed since the discharge and therefore the false

information of Defendant CAPITAL ONE has been published to third parties.

25.  When the consumer pays the "parked" account, Defendant CAPITAL ONE claims that such payment was merely "voluntarily" or to pay off a "moral obligation." Defendant knows and intends that, by willfully and maliciously parking the account on the credit report, an illegal payment can be extorted from the consumer.

26.  Despite receiving disputes that Defendant CAPITAL ONE's reporting on accounts included in bankruptcy was false, it has intentionally and knowingly not corrected its policy of keeping false and damaging information on at least one of Plaintiff's credit reports.

27.  Defendant CAPITAL ONE has a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, federal and state law.

28.  All actions taken by employees, agents, servants, or representatives of any type for Defendant CAPITAL ONE were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

29.  Defendant CAPITAL ONE's actions were malicious, wanton, reckless, intentional or willful, and performed with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

30.  Defendant CAPITAL ONE has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects it to punitive and statutory damages, and all other appropriate measures to punish and deter

Page 6 of 13

similar future conduct.

31.    Defendant CAPITAL ONE's actions, omissions, misrepresentations, and violations of the

        FCRA, FDCPA, federal law and state law regarding Plaintiff's alleged debt, as described

        herein, constitutes harassment which has resulted in the negligent and intentional

        infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to

        suffer severe mental distress, mental and physical pain, embarrassment, and humiliation

        which Plaintiff will in the future continue to suffer the same.

32.    Defendants EXPERIAN and EQUIFAX have failed and/or refused to verify the accuracy

        of the information they are publishing in Plaintiff's credit reports.

33.    The intentional, reckless, and willful violations of the FCRA, federal law and state law of

        Defendants EXPERIAN and EQUIFAX have resulted in the negligent and intentional

        infliction of mental and emotional distress upon Plaintiff proximately causing her to

        suffer severe mental distress, mental and physical pain, embarrassment, and humiliation

        which Plaintiff will in the future continue to suffer the same.

## COUNT ONE
## DEFENDANT CAPITAL ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

34.    Plaintiff restates and reiterates herein all previous paragraphs.

35.    Defendant CAPITAL ONE attempted to collect a consumer debt allegedly owed by

        Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for

        personal, family, and household purposes.  More specifically, the following actions of

        Defendant violated the FDCPA:

a) Falsely attempting to collect a debt, by reporting a balance, when there is no legal right to collect the discharged debt;

b) Taking illegal actions against Plaintiff;

c) Refusing to properly update the account;

d) Failing to show the account as being "disputed" by Plaintiff; and

e) Reporting the invalid debt on Plaintiff's credit report.

36. The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly as part of its routine debt collection business and/or in gross reckless disregard of the rights of Plaintiff.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

38. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

## COUNT TWO
## CAPITAL ONE BANK, EQUIFAX, AND EXPERIAN
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3, *et seq.*

39. Plaintiff restates and reiterates herein all previous paragraphs.

40. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

41.     Said conduct is generally and specifically within the meaning of the Alabama Deceptive
        Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is
        prohibited, unfair, and deceptive.

42.     The foregoing acts and omissions of Defendants were undertaken by them willfully,
        intentionally, and knowingly as part of their routine debt collecting business, and Plaintiff
        relied upon such representations as being lawful, yet such conduct is prohibited.

43.     The conduct described herein has tremendous potential to be repeated where other
        consumers similarly situated will be treated with the same unscrupulous, unethical, unfair
        and deceptive acts and practices.

44.     Defendants' unfair and deceptive acts have proximately caused emotional and actual
        damages and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## CAPITAL ONE BANK, EQUIFAX, AND EXPERIAN
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

45.     Plaintiff restates and reiterates herein all previous paragraphs.

46.     In the entire course of their actions, Defendants willfully and/or negligently violated the
        provisions of the FCRA in the following respects:

        a)      By willfully and/or negligently failing, in the preparation of the consumer reports
                concerning Plaintiff, to follow reasonable procedures to assure maximum possible
                accuracy of the information in the reports;

        b)      By willfully and/or negligently failing to comport with FCRA section 1681i;

        c)      Defaming Plaintiff by publishing to third parties false information regarding her

Page 9 of 13

creditworthiness;

d)   Invading the privacy of Plaintiff; and

e)   Failing in its duty to prevent foreseeable injury to Plaintiff.

47.   The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting business and/or in gross reckless disregard of the rights of Plaintiff.

48.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

49.   As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under the FCRA.

## COUNT FOUR
## DEFENDANT CAPITAL ONE
## NEGLIGENCE

50.   Plaintiff restates and reiterates herein all previous paragraphs.

51.   Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

52.   Defendant's negligent acts were purposeful to illegally coerce Plaintiff into paying the alleged debt.

53.   As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

54.   As a result of the Defendant's unlawful acts, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FIVE
## DEFENDANT CAPITAL ONE
## HARASSMENT

55.   Plaintiff restates and reiterates herein all previous paragraphs.

56.   Defendant's acts, as described herein, were done so intentionally, maliciously, and
      willfully, and without care or concern for Plaintiff's well being. Defendant's harassing
      collection tactics created a hostile environment for Plaintiff.

57.   Defendant wrongfully exploited Plaintiff in an attempt to coerce her into paying the
      alleged debt.

58.   Defendant's communications to Plaintiff were offensive and harassing.

59.   As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed,
      offended, humiliated, emotionally distressed, and forced to hire the services of an
      attorney.

## COUNT SIX
## DEFENDANT CAPITAL ONE
## INVASION OF PRIVACY

60.   Plaintiff restates and reiterates herein all previous paragraphs.

61.   Defendant's conduct, as described herein, constitutes an invasion of Plaintiff's privacy in
      that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and
      places Plaintiff in a false light in the eyes of those to whom the publications are made.

62.   As a direct and proximate consequence of Defendant's acts of invading Plaintiff's
      privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe
      embarrassment, humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

63.    Plaintiff restates and reiterates herein all previous paragraphs.

64.    A dispute exists as to whether Defendants have violated the FDCPA, FCRA Alabama
       Deceptive Trade Practices Act, federal law and state law.

65.    Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that
       Defendants violated the FDCPA, FCRA Alabama Deceptive Trade Practices Act, federal
       law, and state law, and Plaintiff is similarly entit led to an order enjoining said acts.

66.    As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual,
       compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs
       for time lost at work and litigating this matter.

67.    Defendants' actions, omissions, and violations as alleged herein constituted the negligent
       and intentional infliction of mental and emotional distress upon Plaintiff, proximately
       causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment,
       humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

       WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and
every Defendant, jointly and severally, by this Court for the following:

       a)    Enter injunctive and corresponding declaratory relief establishing the foregoing
             conduct of Defendants to be unlawful, enjoining Defendants from continuing to
             engage in such conduct, and granting such additional equitable relief as may be
             appropriate;

       b)    Award Plaintiff actual damages;

       c)    Award Plaintiff punitive damages;

Page 12 of 13

d)     Award Plaintiff state and federal statutory damages;

e)     Award Plaintiff compensatory damages for mental and emotional distress,

       humiliation and embarrassment to be determined at trial;

f)     Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)     Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this the _____ day of September, 2008.

K. ANDERSON NELMS (NEL022)
2005 Cobbs Ford Road, Suite 301A
Prattville, AL 36066
Phone: (334) 351-1770
Fax: (334) 351-1774
andynelms@andersonnelms.com
ASB-6972-E63K
Counsel for Plaintiff

Anderson Nelms & Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066

## THE DEFENDANT(S) MAY BE SERVED AT THE FOLLOWING ADDRESS:

CAPITAL ONE BANK
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

EXPERIAN INFORMATION SOLUTIONS, INC.
C/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

EQUIFAX INFORMATION SERVICES, LLC
C/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104